TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Derrick Boden

UNITED STATES DISTRICT COURT

CENTRAL DISTRCIT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Derrick Boden,<br><br>                Plaintiff,<br><br>       vs.<br><br>New Millennium Concepts, Inc. aka Debt Alleviation Systems aka JD Enterprises; and Trans Union LLC,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>**1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**2. THE FAIR CREDIT REPORTING ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Derrick Boden (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against New Millennium Concepts, Inc. aka Debt Alleviation Systems aka JD Enterprises (hereafter "New Millennium") and Trans Union LLC (hereafter "Trans Union") (collectively referred to hereafter as "Defendants") and alleges as follows:

## JURISDICTION

1.      This action arises out of New Millennium's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FRCA").

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff is an adult individual residing in New Orleans, Louisiana, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

2

6.     New Millennium is a business entity located in Whittier, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and 15 U.S.C. § 1681a(b).

7.     New Millennium uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.     Trans Union is a business entity located in Chicago, Illinois, is a "person" as defined by 15 U.S.C. § 1681a(b) and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than New Millennium.

10.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.     At all times mentioned herein where New Millennium communicated with any person via telephone, such communication was done via New Millennium's agent, representative or employee.

12.     Within the past year, New Millennium contacted Plaintiff in an attempt to collect a debt.

3

COMPLAINT FOR DAMAGES

13.     Within the same time frame, New Millennium reported alleged debt to Trans Union, a credit reporting agency.

14.     Trans Union reported New Millennium's trade line with account number D845**** ("Errant Trade Line") as an account "in collections" with a balance due of $815.00, and referenced AT&T as the original creditor.

15.     On or about June 29, 2015, Plaintiff had a conversation with New Millennium, wherein New Millennium stated that the Errant Trade Line would forever remain on Plaintiff's credit report until Plaintiff paid the alleged debt.

16.     When Plaintiff verbally disputed the alleged debt and requested proof that the alleged debt was owed, New Millennium stated that Plaintiff should "stop complaining" and asserted that it was under no obligation to provide Plaintiff with proof of the alleged debt.

17.     Shortly thereafter, Plaintiff contacted AT&T (the original creditor) directly and was told by its representative that Plaintiff's account was closed and in "good standing".

18.     Furthermore, AT&T stated that Plaintiff's account was never sent to collections and that AT&T does not have a relationship with New Millennium.

19.     On or about May 27, 2015, Plaintiff attempted to mail New Millennium a letter disputing the alleged debt via certified mail through the US Postal Service.

20.     Upon information and belief, New Millennium refused delivery by failing to claim the certified letter.

4

21.     On or about June 16, 2015, the US Postal Service returned Plaintiff's letter to him unopened.

22.     On or about May 22, 2015, Plaintiff opened a dispute regarding the Errant Trade Line with Trans Union.

23.     On or about June 10, 2015, Trans Union completed its investigation of Plaintiff's dispute, concluded that the Errant Trade Line was "verified, no change", and provided Plaintiff with a copy of the "verified" trade line.

24.     Despite Plaintiff clearly disputing the alleged debt with New Millennium, there was no indication on the "verified" trade line that New Millennium acknowledged or reported the alleged debt as disputed.

25.     Defendants' actions negatively impacted Plaintiff's credit score and caused Plaintiff a significant amount of stress, confusion and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT, 15 U.S.C. § 1692, *et seq.*

### BY NEW MILLENNIUM

26.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

27.     The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

5

28.     New Millennium attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

29.     New Millennium engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

30.     New Millennium used obscene or profane language or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2).

31.     New Millennium used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

32.     New Millennium communicated with a consumer-reporting agency and provided false credit information and/or failed to communicate that the alleged debt is disputed, in violation of 15 U.S.C. § 1692e(8).

33.     New Millennium failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

34.     New Millennium overshadowed Plaintiff's right to dispute the validity of the alleged debt pursuant to 15 U.S.C. § 1692(b) by pressuring Plaintiff to make an immediate payment towards such debt before sending Plaintiff proper written notice of the debt pursuant to 15 U.S.C. § 1692(a).

COMPLAINT FOR DAMAGES

35.     The foregoing acts and/or omissions of New Millennium constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36.     Plaintiff was harmed and is entitled to damages as a result of New Millennium's violations.

## COUNT II

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY NEW MILLENNIUM

37.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38.     After being informed by Trans Union of Plaintiff's consumer disputes to the Errant Trade Line, New Millennium negligently failed to conduct a proper reinvestigation of those disputes as required by 15 U.S.C. § 1681s-2(b).

39.     New Millennium negligently failed to review all relevant information available to it as provided by Trans Union in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b).  Specifically, it failed to review Plaintiff's credit report and rectify any errors revealed therein.

40.     The Errant Trade Line is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union, to which New Millennium is reporting such trade line.

7

COMPLAINT FOR DAMAGES

41.     As a direct and proximate cause of New Millennium's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

42.     Plaintiff has a private right of action to assert claims against ERC arising under 15 U.S.C. § 1681s-2(b).

## COUNT III

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY NEW MILLENNIUM

43.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

44.     After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, New Millennium willfully failed to conduct a proper reinvestigation the dispute.

45.     New Millennium willfully failed to review all relevant information available to it as required by 15 U.S.C. § 1681s-2(b).

46.     As a direct and proximate cause of New Millennium's willful failure to perform its respective duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

COMPLAINT FOR DAMAGES

## <u>COUNT IV</u>

## <u>NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>

## <u>BY TRANS UNION</u>

47.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

48.    Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

49.    Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

50.    Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

51.    After receiving Plaintiff's consumer disputes to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

52.    As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

9

COMPLAINT FOR DAMAGES

## COUNT V

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY TRANS UNION

53.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

54.     Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

55.     After receiving Plaintiff's consumer disputes to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

56.     As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against New Millennium for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

COMPLAINT FOR DAMAGES

D. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

E. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

F. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1681o(a)(2), and15 U.S.C. § 1681n(a)(3);

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Trans Union for:

I. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1)(A);

J. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

K. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), and15 U.S.C. § 1681n(a)(3); and

L. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  February 10, 2016                    TRINETTE G. KENT

By:   _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Derrick Boden

11